**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **MICHAEL LEON PETERSON,** | * | |
| Appellant, | * | Case No.: PWG-16-2617 |
| v. | * | |
| **FLAGSTAR BANK, FSB,** | * | |
| Appellee. | * | |

\* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| In re: **MICHAEL LEON PETERSON,** | * | Case No. 15-27068 |
| Debtor. | * | Chapter 7 |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

This is the sixth year of Appellant Michael Leon Peterson's continuing efforts to stop Flagstar Bank, FSB ("Flagstar") from foreclosing on his mortgaged property at 15207 Joppa Place, Bowie, Maryland 20721 (the "Property"). Most recently, Peterson appeals an Order of the United States Bankruptcy Court for the District of Maryland terminating an automatic stay of the foreclosure proceedings in the Circuit Court for Prince George's County, Maryland ("Foreclosure Action"). Having reviewed the parties' briefs (ECF Nos. 11, 11-1, 12, 14, 14-1, 14-2),[1] the record in this Court, and the docket in the Foreclosure Action, I find oral argument unnecessary. *See* Fed. R. Bankr. P. 8012; Loc. R. 105.6. Because collateral estoppel bars the argument underlying Peterson's appeal—that Flagstar lacked standing to foreclose on the Property—and barred the Bankruptcy Court from considering the same argument, I will affirm

---

[1] Peterson also filed memoranda in support of his briefs.

the Bankruptcy Court's Order Terminating Automatic Stay, ECF No. 3-10, and dismiss the appeal.

## Background

Peterson purchased the Property (jointly with Patricia Peterson, not a party to this appeal) through a mortgage loan (the "Note"), secured by a Deed of Trust, ECF No. 11-2, in April 2008. Peterson Br. 1. Unhappy with how the Note was handled, he attempted to rescind it and stopped making payments on it. *Id.*; Notice of Rescission, ECF No. 12-1, at 20.[2] Flagstar, as the successor on the Note, initiated the Foreclosure Action on June 24, 2011. *Curran v. Peterson* ("Foreclosure Action"), Civil No. CAE11-15096 (Cir. Ct. Prince George's Cnty., Md.). Peterson challenged Flagstar's standing to foreclose on the Property, and the state court found that Flagstar had standing, reasoning:

> [T]he Note and Deed of Trust at issue were specifically endorsed from the original lender, Universal Trust Mortgage Corporation, to Flagstar Bank, FSB (hereinafter 'Flagstar'). Under Paragraph 20 of the Deed of Trust, Flagstar, as the successor/assign of the original lender, has the right to appoint Substitute Trustees. Considering the Substitute Trustees were properly appointed, pursuant to Md. Code Ann., Com. Law § 3-301, they are entitled to bring the current action on behalf of the noteholder.

Jan. 9, 2014 Order in Foreclosure Action, ECF No. 12-1, at 17. Flagstar purchased the Property at a foreclosure sale one year later. State Ct. Docket.[3] The state court signed a Final Order of Ratification on August 7, 2015; a Final Order on October 9, 2015; and an order awarding possession to Flagstar as the Foreclosure Purchaser on December 8, 2015. *Id.* Peterson appealed

---

[2] Peterson contends that he rescinded the Note on June 18, 2015. Peterson Br. 4. The Notice of Rescission is dated December 23, 2015; Peterson does not offer any evidence of any earlier attempt to rescind the Note. Even if he attempted to rescind it on June 18, 2015, that date would follow the initiation of the Foreclosure Action and Flagstar's purchase of the Property at the foreclosure sale.

[3] I take notice of the State Court Docket, available at http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=CAE1115096&loc=65&detailLoc=PGV, pursuant to Fed. R. Evid. 201(b)(2).

the Final Order of Ratification without success; the Maryland Court of Special Appeals dismissed his appeal on November 23, 2016.

Meanwhile, on December 11, 2015, Peterson filed for Chapter 13 bankruptcy.[4]  Bankr. Ct. Docket, ECF No. 1-1.  He also initiated an adversary proceeding in Bankruptcy Court, *Peterson v. Flagstar Bank, FSB*, Adversary Proceeding No. 16-133, alleging fraudulent transfer, which the court dismissed for want of prosecution on November 21, 2016.  ECF No. 14-5; Bankr. Ct. Docket.  Peterson had not vacated the Property yet when he filed for bankruptcy, and his bankruptcy filing automatically stayed the Foreclosure Action pursuant to 11 U.S.C. § 362(a).  Flagstar moved to lift the automatic stay pursuant to 11 U.S.C. § 362(d)–(f) because Peterson no longer had an ownership interest in the Property.  ECF Nos. 3-1, 3-5.  Peterson opposed the motion, arguing again that Flagstar lacked standing to foreclose on the Property.  Peterson Opp'n to Mot. 3–4, ECF No. 3-4; Peterson Opp'n to Am. Mot. 4, 7, ECF No. 3-8.  The Bankruptcy Court granted the motion on June 30, 2016, permitting the eviction process to proceed.  ECF Nos. 3-9, 3-10.  It is from that order that Peterson appeals.

## Standard of Review

On appeal, Peterson argues that Flagstar lacked "Standing in the original foreclosure [because it] fail[ed] to produce the genuine Promissory Note," and he insists that, as a result, the Bankruptcy Court lacked "jurisdiction . . . to render any judgment in this matter until Standing is proven."  Peterson Br. 3, 5.  He also insists that he has "newly discovered evidence" that "is core to the lack of standing."  *Id.* at 2, 4.  Whether a party has standing is a question of law. *See Frank Krasner Enters., Ltd. v. Montgomery Cnty., MD*, 401 F.3d 230, 234 (4th Cir. 2005).  It is well

---

[4] The bankruptcy case was converted, at Peterson's request, to a Chapter 7 case in April 2016. Bankr. Ct. Docket 5.

established that this Court "reviews a bankruptcy court's . . . conclusions of law de novo." *In re Rood*, 448 B.R. 149, 157 (D. Md. 2011); *see In re Official Comm. of Unsecured for Dornier Aviation (N. Am.), Inc.*, 453 F.3d 225, 231 (4th Cir. 2006).

### **Bankruptcy Court's Jurisdiction**

Flagstar argues that "[s]ince Appellant had to raise his arguments challenging standing in the Circuit Court prior to the sale it is clear that the bankruptcy court lacks jurisdiction to adjudicate the issue of whether or not Flagstar had standing to foreclose for a sale that took place prior to the filing of the Bankruptcy case." Flagstar Br. 6. Flagstar does not cite any law in support of its argument, and I will not construct its argument for it. In any event, the Bankruptcy Court has "original but not exclusive jurisdiction of all civil proceedings arising under [the Bankruptcy Code], or arising in or *related to* cases under [the Bankruptcy Code]." 28 U.S.C. § 1334(b) (emphasis added).

> [A]n action is "related to" bankruptcy if "the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *A.H. Robins Co., Inc. v. Piccinin,* 788 F.2d 994, 1002 n.11 (4th Cir. 1986) (quotation marks and citation omitted). Indeed, it is "difficult to imagine any instance in which a bankruptcy court would not have jurisdiction if the debtor were a party." *Id.* (quotation marks and citation omitted).

*In re Azalea Gardens Bd. & Care, Inc.*, 215 F.3d 1317, 2000 WL 688676, at *2 (4th Cir. 2000) (Table). Whether Flagstar had standing to maintain the Foreclosure Action certainly is related to Peterson's bankruptcy proceeding, as it could affect the disposition of the Property. *See id.*; *A.H. Robins*, 788 F.2d at 1002 n.11. But, the Bankruptcy Court's jurisdiction does not mean that the issue was properly before it. Rather, I must consider whether preclusion barred the Bankruptcy Court (and now bars this Court) from determining Flagstar's standing or whether, as Peterson contends, the Bankruptcy Court erred in failing to address the issue.

**Preclusion**

Flagstar's "jurisdictional" argument that the Bankruptcy Court could not "adjudicate the issue of whether or not Flagstar had standing to foreclose" because the state court previously rejected Peterson's challenge to Flagstar's standing, Flagstar Br. 6, could be construed as an assertion that the Bankruptcy Court was precluded from addressing Flagstar's standing. Similarly, Flagstar contends that Peterson's argument in this Court "that he could challenge the right to foreclose in the Bankruptcy Court . . . is barred by the doctrine of res judicata." *Id.* at 7. Yet, Flagstar asserts that *res judicata* bars relitigation of "the same *issues* conclusively decided in a prior action," *id.* (emphasis added), which more accurately describes the doctrine of collateral estoppel. *Compare Garrity v. Md. State Bd. of Plumbing*, 135 A.3d 452, 459 (Md. 2016) (noting that collateral estoppel pertains to *issues* decided), *with Capel v. Countrywide Home Loans, Inc.*, Nos. WDQ-09-2374, WDQ-09-2439, 2010 WL 457534, at *3 (D. Md. Feb. 3, 2010) (noting that *res judicata* pertains to *claims* decided). In any event, to "avoid [ ] . . . unnecessary judicial waste," the Court may consider collateral estoppel *sua sponte*, and dismiss on that ground, if it "is on notice that it has previously decided the issue presented." *Arizona v. California*, 530 U.S. 392, 412 (quoting *United States v. Sioux Nation,* 448 U.S. 371, 432 (1980) (Rehnquist, J., dissenting) (citations omitted)), *supplemented*, 531 U.S. 1 (2000); *see also Alston v. Equifax Info. Servs., LLC*, No. TDC-15-3343, 2016 WL 5349716, at *3 (D. Md. Sept. 22, 2016) (noting that "courts may raise the issue of collateral estoppel *sua sponte*"). Likewise, this Court may consider the preclusive effects of a state court decision *sua sponte* if it has notice that the state court previously decided the issue before it. *See Wimbush v. United Parcel Serv., Inc.*, No. RWT-16-3200, 2016 WL 5870034, at *2 (D. Md. Oct. 7, 2016) (dismissing case *sua sponte* on *res judicata* principles where, even though "this Court did not previously decide the issues

presented, it [was] on notice that the Circuit Court for Prince George's County, Maryland and the Maryland Court of Special Appeals ha[d] decided the[] issues").

When a federal court litigant asserts that a state court judgment has preclusive effect, "[the] federal court must give to [the] state court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). The Foreclosure Action was a Maryland state court proceeding, and under Maryland law, *res judicata* provides grounds for dismissal if a defendant establishes that "(1) the present parties are the same or in privity with the parties to the earlier dispute, (2) the claim presented is identical to the one determined in the prior adjudication, and (3) there has been a final judgment on the merits." *Capel*, 2010 WL 457534, at *3 (citing *Anne Arundel County Bd. of Educ. v. Norville*, 887 A.2d 1029, 1037 (Md. 2005)). Under Maryland law, for collateral estoppel to bar relitigation of an issue, the defendant must demonstrate that (1) "the issue decided in the prior adjudication [was] identical with the one presented in the action in question"; (2) "there [was] a final judgment on the merits"; (3) "the party against whom the plea is asserted [was] a party or in privity with a party to the prior adjudication"; and (4) "the party against whom the plea is asserted [was] given a fair opportunity to be heard on the issue." *Garrity*, 135 A.3d at 459 (quoting *Colandrea v. Wilde Lake Cmty. Assoc.*, 761 A.2d 899 (Md. 2000)).

Here, Peterson contends that Flagstar lacks standing to foreclose on his Property. Peterson Br. 6. As noted, he raised the same issue in the Foreclosure Action, and the state court rejected his argument. Jan. 9, 2014 Order in Foreclosure Action. And, Peterson was a party to the Foreclosure Action and had the opportunity to be heard in state court on this issue. *See id.*

Additionally, the Property was sold through the Foreclosure Action; the state court ratified the sale on August 7, 2015; and the court entered an order of judgment on December 8, 2015, awarding possession to Flagstar.[5]  State Ct. Docket.  The ratification of sale constitutes a final judgment for preclusion purposes. *See McGhee v. JP Morgan Chase Bank, N.A.*, No. DKC-12-3072, 2013 WL 4495797, at *6 (D. Md. Aug. 20, 2013) ("The important ruling in foreclosure cases is the circuit court's ratification of the foreclosure sale. 'When a state court finalizes a foreclosure after the "plaintiff was given an opportunity to raise all objections to the foreclosure sale of [a] property,["] that adjudication is a final judgment on the merits.' " (quoting *Capel*, 2010 WL 457534, at *4 (quoting *Anyanwutaku v. Fleet Mortg. Grp.*, 85 F. Supp. 2d 566, 572 (D. Md. 2000)))); *Graves v. OneWest Bank, FSB*, No. PWG-14-1995, 2015 WL 2452418, at *6 (D. Md. May 20, 2015), *recons. denied*, 2015 WL 6769115 (D. Md. Nov. 2, 2015), *aff'd*, 653 Fed. App'x 788 (4th Cir. 2016).  Because all elements of collateral estoppel have been met, the issue underlying Peterson's appeal—that Flagstar lacked standing to foreclose on his Property—is precluded, and his appeal must be dismissed with prejudice.  *Garrity*, 135 A.3d at 459; *see also Gunter v. Agents for Int'l Monetary Fund Internal Revenue Serv.*, No. PWG-16-1386, 2017 WL 219374, at *5 (D. Md. Jan. 19, 2017) (dismissing action with prejudice where all elements of *res judicata* were present based on state foreclosure proceeding).

### **Newly Discovered Evidence**

Peterson contends:

> On June 18, 2015, Appellant rescinded the genuine loan pursuant to TILA [Truth in Lending Act, 15 U.S.C. §§ 1601–1693r] and well settled decision of the Supreme Court of the United States of America, to wit:

---

[5] Also, Peterson filed a Notice of Appeal on September 4, 2015, and the Court of Special Appeals dismissed the appeal on November 23, 2016.  State Ct. Docket.

*Jesinoski, ET UX, and Yvanova v. New Century Mortgage Corporation* Case No. S218973, Cal. Sup. Ct. February 18, 2016.

Peterson Br. 4. In his view, this is "newly discovered evidence" that is "core to the lack of standing." It is unclear whether he refers to his alleged rescission or the legal opinion as "newly discovered evidence." The case Peterson appears to cite, *Yvanova v. New Century Mortgage Corporation*, 365 P.3d 845 (Cal. 2016), is a state court decision that is not binding on this Court. Moreover, a legal opinion is law, not evidence. Further, if Peterson had rescinded the loan on June 18, 2015, it would not constitute newly discovered evidence because it would predate the Final Order of Ratification that the state court signed on August 7, 2015. And, the only evidence Peterson offers is a Notice of Rescission dated December 23, 2015. Regardless of the date, he does not explain how a notice of rescission signed after the foreclosure sale would be effective. Even if the case he identified or the Notice of Rescission was relevant to Flagstar's standing and could form the basis for a motion for reconsideration in state court, the doctrine of collateral estoppel still would bar this Court from considering this issue. *See Garrity*, 135 A.3d at 459.

## Conclusion

In sum, the Bankruptcy Court had jurisdiction but collateral estoppel barred both that court and this Court from determining Flagstar's standing to foreclose on the Property. The Bankruptcy Court's Order Terminating Automatic Stay, ECF No. 3-10, IS AFFIRMED, and this appeal IS DISMISSED.

A separate order will issue.

Date: <u>March 15, 2017</u>                                        /S/
                                                                   Paul W. Grimm
                                                                   United States District Judge

lyb